UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALONSO CORRAL,

        Petitioner,

     v.                                             Case No. 19-C-1809

BRIAN FOSTER,

        Respondent.

## SCREENING ORDER

On December 10, 2019, Petitioner Alonso Corral, who is currently incarcerated at Waupun Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Waukesha County Circuit Court of one count of attempted first degree intentional homicide, three counts of first degree recklessly endangering safety, one count of endangering safety and reckless use of a firearm, and one count of bail jumping. He was sentenced to 30 years of initial confinement and 20 years of extended supervision.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts that his trial counsel was ineffective for failing to present evidence regarding the similarity in physical appearance between Petitioner and another suspect when there

was evidence that the other suspect committed the crime, the defense's theory was that the other suspect committed the crime, and Petitioner was not prosecuted as party-to-the crime. From the face of the petition, the court cannot conclude that this claim lacks merit. Accordingly, Petitioner will be allowed to proceed on his ineffective assistance of trial counsel claim.

**IT THEREFORE IS ORDERED** that the Clerk shall serve a copy of Petitioner's § 2254 Petition and this order upon Respondent in accordance with Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that within 60 days of service Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following the filing of Respondent's answer within which to file a reply. Once a reply is filed, the court will determine whether further briefing is required.

**IT IS FURTHER ORDERED** that, if Respondent files a dispositive motion in lieu of an answer, Petitioner shall have 30 days following the filing of Respondent's dispositive motion and supporting initial brief within which to file a brief in opposition and Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Green Bay, Wisconsin this 11th day of December, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court