UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALONSO CORRAL,

        Petitioner,

     v.                                   Case No. 19-C-1809

BRIAN FOSTER,

        Respondent.

## DECISION AND ORDER DENYING PETITION FOR § 2254 RELIEF

Petitioner Alonso Corral filed a petition for federal relief from his state court conviction pursuant to 28 U.S.C. § 2254 on December 10, 2019. Petitioner was convicted in Waukesha County Circuit Court of one count of attempted first-degree intentional homicide, three counts of first-degree recklessly endangering safety, one count of endangering safety and reckless use of a firearm, and one count of bail jumping. He was sentenced to 30 years of initial confinement and 20 years of extended supervision.

On December 11, 2019, the court screened the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and allowed Corral to proceed on his claim that his trial counsel was ineffective for failing to present evidence regarding the similarity in physical appearance between Corral and another suspect when there was evidence that the other suspect committed the crime, the defense's theory was that the other suspect committed the crime, and Corral was not prosecuted as party-to-the-crime. The court ordered Respondent to either file an appropriate motion seeking dismissal or answer the petition within 60 days of service and Corral to file a reply within 30 days following the filing of Respondent's answer. Respondent filed his answer on February 10, 2020. To date, Corral has not filed a reply or a motion for an extension of time to

do so. The court finds that no further briefing is required and will resolve the petition on the record as it now stands. For the following reasons, the petition will be denied and the case will be dismissed.

## BACKGROUND

In February 2014, two men—DJ and JB—and two of DJ's children were sitting in a van outside an apartment building in Waukesha, Wisconsin waiting for a friend. A man approached the van, pointed a gun at JB, and shot at him through the open window. JB ducked and DJ drove off while the man fired a second shot. DJ and JB identified Corral as the man who shot at JB. Corral was subsequently arrested and charged with a number of crimes, including attempted first-degree intentional homicide, three counts of first-degree recklessly endangering safety, endangering safety by use of a dangerous weapon, and misdemeanor bail jumping.

At the trial, DJ and JB identified Corral as the shooter. They testified that they knew Corral, had considered him a friend, and were positive that he was the perpetrator. JB reported that both he and Corral were members of the Latin Kings gang. Corral's defense at trial was that DJ and JB were mistaken in their identification of him and that a juvenile named Kenny[1] was the real shooter. Kenny told the police multiple versions of the shooting. In one version, he said he would take the blame for it, but in other versions, he claimed Corral was the shooter. In support of his defense, Corral emphasized that Kenny had told police that he would take the blame for the shooting. Corral also cited other facts implicating Kenny in the crimes.

The jury rejected Corral's defense and convicted him on all counts. Corral filed a motion for postconviction relief, seeking either a new trial or a sentence modification. The trial court denied the request for a new trial but granted the request for sentence modification and ordered

---

[1] "Kenny" is a pseudonym given to the third-party because he was a juvenile at the time of trial.

an amended judgment of conviction. Corral subsequently filed an appeal. He asserted that the circuit court improperly admitted evidence against him, that trial counsel was ineffective, and that he was entitled to a new trial in the interests of justice. The State filed a cross-appeal from the order granting Corral's motion for sentence modification. On June 27, 2018, the Wisconsin Court of Appeals affirmed in part, reversed in part, and remanded with instructions to the circuit court to enter a new judgment of conviction reflecting that Corral's sentence for count five consists of seven years of initial confinement and five years of extended supervision, consecutive to his sentences on the other counts. *State v. Corral*, 2018 WI App 45, 383 Wis. 2d 601, 918 N.W.2d 127. The Wisconsin Supreme Court denied Corral's petition for review on October 9, 2018.

## ANALYSIS

This petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 575 U.S. 312, 315–16 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.*

This is, and was meant to be, an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in

3

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Corral asserts that his trial counsel provided ineffective assistance. A claim of ineffective assistance of trial counsel is governed by well-established law set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show that (1) counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) counsel's deficient performance deprived the defendant of a fair trial. *Id.* at 687–88. A petitioner satisfies the first prong if he demonstrates that "counsel's representation fell below an objective standard of reasonableness." *Id.* To satisfy the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Id.* at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Corral claims that his trial counsel was ineffective for failing to present evidence regarding the similarity in physical appearance between Corral and another suspect when there was evidence that the other suspect committed the crime, the defense's theory was that the other suspect

4

committed the crime, and Corral was not prosecuted as party-to-the-crime. The Wisconsin Court of Appeals found that Corral's ineffective assistance of counsel claim failed. It noted that Corral's trial counsel testified at the postconviction motion hearing that he chose not to present evidence of Kenny's physical appearance because, after he had saw Kenny in person in the courtroom and in a videotape of Kenny's interview with police, he had not thought that Kenny looked like Corral and did not want to undermine the mistaken identity defense.

At the hearing, postconviction counsel argued that trial counsel should have introduced Corral's 2013 booking photograph and Kenny's 2014 booking photograph to show the similarity in the men's skin tone, face shape, facial hair, and facial features. Dkt. No. 6-11 at 22. Although trial counsel agreed that there was a "striking similarity" between Corral and Kenny in their booking photographs, he was unaware of the photographs at the time of the trial. *Id.* at 23–24. He explained that, when he watched the videotape of Kenny's interview with the police, he did not believe Corral and Kenny looked similar, and therefore, did not obtain their booking photographs. *Id.* at 24, 26. He also noted that, even though Corral and Kenny were of a general similar build, they looked to be of difference races; Kenny "looked White" and Corral "looked Hispanic." *Id.* at 32. Based on the videotape of the police interview and his observations of Kenny at the trial, trial counsel concluded that introducing evidence of the similarity between Corral and Kenny was "fraught with risk" and decided to instead attack the reliability of the identification made by the State's witnesses. *Id.* at 24–25.

The court of appeals found that "[t]rial counsel's testimony makes clear that the failure to present evidence of Kenny's physical appearance was the product of a strategic decision based upon his personal observations. Corral has not shown that those observations were unreasonable." *Corral*, 383 Wis. 2d 601, ¶ 15. Under the deferential standard of review this court must apply, the state court's conclusions must stand. Corral failed to overcome the presumption that his trial

5

counsel's decision to not present evidence of the similarity between Corral and Kenny's appearance was not sound trial strategy. *See Strickland*, 466 U.S. at 689. Because Corral has failed to show that his trial counsel provided ineffective assistance, his petition must be denied.

## CONCLUSION

For the reasons given above, Corral is not entitled to federal habeas relief on his claim. His petition for writ of habeas corpus is therefore **DENIED**, and the clerk is directed to enter judgment dismissing the case. A certificate of appealability will be **GRANTED** as to the claim of ineffective assistance of counsel in failing to present a photographic image of Kenny in support of his mistaken identity defense. Reasonable jurists could believe that Corral has made a substantial showing of the denial of a constitutional right.

Corral is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of March, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court